FILED
JUL 27 2005
U.S. BANKRUPTCY COURT
FOR THE DISTRICT OF ARIZONA

```
                                     FILED
                                     JUL 27 2005
                                     U.S. BANKRUPTCY COURT
                                     FOR THE DISTRICT OF ARIZONA
```

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF ARIZONA

In re:                          ) Chapter 7
                                )
DONA GARRISON,                  ) No. 4-04-bk-02850-JMM
                                )
                                ) **MEMORANDUM DECISION**
                  Debtor.       )

A hearing on the Trustee's motion to approve settlement agreement came on regularly for hearing on July 26, 2005. The parties, including the Debtor acting in *propia persona*, were present.

The Trustee noted that the settlement and compromise of Jack Watson's claim will enable the estate to pay all of the Debtor's unsecured claims 100%, with interest, as well as all administrative claims. This constitutes a powerful argument for approval of the compromise as being in the paramount best interests of creditors.

The Debtor contends that her claims against Jack Watson, the one-half owner of property with her, and her unresolved dispute with this creditor should take priority over the creditors' interests. However, no adversary proceeding has been filed to contest that claim.

In considering whether to approve a settlement, the Ninth Circuit Court of Appeals requires a court to consider four factors:

    A.    The probability of success in the litigation;

    B.    The difficulties, if any to be encountered in the matter of collection;

    C.    The complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and

    D.    The paramount interests of the creditors and a proper deference to their reasonable views in the premises.

*In re A & C Properties*, 784 F.2d 1377, 1381 (9th Cir. 1986); *In re Woodson*, 839 F.2d 610 (9th Cir. 1987).

h:\wp\orders\

Upon consideration of each of the factors, and weighing them thoughtfully, the court finds and concludes that the Trustee's compromise should be approved and the Debtor's objection overruled.

A separate order will be entered. FED. R. BANKR. P. 9021.

DATED: July 27, 2005.

/s/ James M. Marlar
JAMES M. MARLAR
UNITED STATES BANKRUPTCY JUDGE

COPIES served as indicated below this 27 day of July, 2005, upon:

Dona Lee Garrison
36256 N. Quick Draw Ln
Queen Creek, AZ 85242
U.S. Mail

Matthew R.K. Waterman
Waterman & Waterman, P.C.
33 North Stone Avenue, Suite 2020
Tucson, AZ 85701
Email mrkw@watermanlaw.com
Attorneys for Trustee

Sharon Maxwell
177 N. Church Avenue, #625
Tucson, AZ 85701
Email smaxwell@epitrustee.com
Chapter 7 Trustee

Office of the United States Trustee
230 North First Avenue, Suite 204
Phoenix, AZ 85003-1706
U.S. Mail

By /s/ MB Thompson
Judicial Assistant

h:\wp\orders\

2